## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEVEN RAY THACKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 06-CV-0028-CVE- FHM |
| | ) | |
| MARTY SIRMONS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Before the Court is Petitioner's motion to hold his petition for writ of habeas corpus in abeyance pending exhaustion of additional claims in state court (Dkt. # 17), and to modify the scheduling order (Dkt. # 19). Respondent has filed a response urging the Court to deny Petitioner's motion. (Dkt. # 18), and Petitioner has filed a reply (Dkt. # 20). Having reviewed the motion, response, and reply, the Court finds the motion should be granted.

Also before the Court is Petitioner's motion to strike Respondent's response to Petitioner's petition (Dkt. # 23). For the reasons stated below, this motion shall be denied.

*Background*

Petitioner is a death row inmate at Oklahoma State Penitentiary. On January 1, 2006, Petitioner initiated this habeas corpus proceeding with the filing of a motion for appointment of counsel (Dkt. # 1). A petition was filed September 8, 2006. (Dkt. # 16). On September 29, 2006, Petitioner filed the motion currently under consideration, asking the Court to hold this matter in abeyance (Dkt. # 17) and to modify the scheduling order (Dkt. # 19). The state filed a response to the petition on October 17, 2006 (Dkt. # 21), and Petitioner's reply was filed December 6, 2006. (Dkt. # 26). The underlying record has not been delivered to this Court as it is being retained by the

Oklahoma Court of Criminal Appeals ("OCCA") pending resolution of Petitioner's claims in post-conviction proceedings (Dkt. # 29). Pursuant to a joint motion of the parties, this Court previously entered an order modifying the scheduling order and allowing the parties to jointly verify the state court record within twenty days of the date such records are transferred to the Clerk of this Court (Dkt. # 28).

In this habeas corpus proceeding, Petitioner challenges his judgment and sentence of death in Mayes County District Court, Case No. CF-1999-305, wherein Petitioner pled guilty to one count of first degree murder, one count of kidnaping, and one count of first degree rape. In addition, Petitioner waived his right to a jury trial for sentencing. At the conclusion of the sentencing trial, the state district court judge found the existence of three aggravating factors.[1] He also determined that the aggravating circumstances outweighed the mitigating circumstances and sentenced Petitioner to death for the murder count. Petitioner also received a sentence of twenty years imprisonment for the kidnaping, and fifty years imprisonment for the rape.

Petitioner did not seek to withdraw his plea,[2] but the OCCA conducted a mandatory sentence review. See Rule 9.4, Rules of the Oklahoma Court of Criminal Appeals. The state appellate court affirmed the district court's sentence in a published opinion, Thacker v. State, 100 P.3d 1052 (Okla.

---

[1]     The state court judge found beyond a reasonable doubt: (1) Thacker committed the murder for the purpose of avoiding lawful arrest; (2) the murder was especially heinous, atrocious or cruel; and (3) the existence of a probability that Thacker would commit criminal acts of violence that would constitute a continuing threat to society. See Dkt. # 16 at 2-3.

[2]     Petitioner advises that he was entitled to and desired a full certiorari appeal, but his counsel failed to file an application to withdraw his guilty plea. Failure to do so is considered jurisdictional, waives any ability to appeal and limits Petitioner to the OCCA's mandatory sentence review. Dkt. # 16 at 4, n.2 (citing Wallace v. State, 893 P.2d 504, 510 (Okla. Crim. App. 1995)).

Crim App. 2004). The Supreme Court denied certiorari on March 7, 2005. <u>Thacker v. Oklahoma</u>, 544 U.S. 911 (2005). Petitioner also sought post-conviction relief, which was denied by the OCCA in <u>Thacker v. State</u>, 120 P.3d 1193 (Okla. Crim. App. 2005).

Petitioner was represented by attorneys from the Oklahoma Indigent Defense System ("OIDS") during trial proceedings, mandatory sentence review by the OCCA, and initial post-conviction proceedings before the OCCA. <u>See</u> Dkt. # 16 at 9-11.

<em>Request for Abeyance and Modified Scheduling Order</em>

Petitioner concedes that his petition for writ of habeas corpus filed on September 8, 2006, is a mixed petition, containing both exhausted and unexhausted claims. <u>See</u> Dkt. # 17 at 1-2. In his application to hold this matter in abeyance, Petitioner advises that he has filed a second application for post-conviction relief with the OCCA, seeking resolution from the state appellate court of his unexhausted claims. <u>Id.</u>, Ex. 1. Explaining that he was represented by the same counsel at trial and in mandatory sentence review proceedings, Petitioner argues that his counsel's failure to file an application to withdraw his guilty plea "had the legal effect of waiving his ability to present issues implicating his plea on appeal or in a traditional post conviction proceeding." Dkt. # 20 at 2, n.1. Accordingly, Petitioner contends that no state court avenue existed at the time he filed his first post conviction application to raise a portion of the issues now presented in his habeas corpus petition. <u>Id.</u> Petitioner is not represented by OIDS in his pending second application for post conviction relief before the OCCA, but is represented by attorney Robert Wade Jackson. Dkt. # 17, Ex. 3. Among the claims presented in the second application are claims of ineffective assistance of appellate and post-conviction counsel.

3

The Supreme Court has advised that, "[I]t likely would be an abuse of discretion for a district court to deny a stay . . . if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 125 S.Ct. 1528, 1535 (2005). This Court finds that Petitioner has demonstrated good cause for his failure to exhaust. Further, the unexhausted claims do not appear frivolous and deserve review. Finally, despite Respondent's allegation that Petitioner is engaging in intentional dilatory tactics, the Court finds no evidence that the procedural complication of staying this matter pending a review by the OCCA of unexhausted issues in this case is merely an effort by Petitioner to delay the execution of his death sentence. The Court recognizes any ruling by the OCCA on the pending post-conviction claims may affect Petitioner's sentence or be subject to review by this Court. Accordingly, the Court finds that a stay of these habeas proceedings is appropriate during the pendency of state court post-conviction proceedings. Petitioner's counsel shall file status reports regarding the progress of the matter in state court as detailed below.

Having determined that this habeas matter shall be stayed pending resolution of Petitioner's unexhausted claims in state court post-conviction proceedings, the Court finds that the scheduling order entered on March 28, 2006 (Dkt. # 10), as modified by Orders entered on July 18, 2006 (Dkt. # 12), August 21, 2006 (Dkt. # 14), November 8, 2006 (Dkt. # 25), and December 20, 2006 (Dkt. # 28), shall be further modified as follows: Petitioner shall file an amended petition within sixty (60) days of the OCCA's decision on Petitioner's second application for post-conviction relief; Respondent shall file his response to the amended petition within sixty (60) days from the date of

the filing of the amended petition; and Petitioner shall file his reply, if any, within thirty (30) days from the date of the filing of Respondent's response.

*Petitioner's motion to strike*

On October 18, 2006, Petitioner filed a motion to strike Respondent's response to Petitioner's petition for writ of habeas corpus (Dkt. # 23). In light of the ruling on the motion to hold this matter in abeyance and amend the scheduling order, the Court finds it is unnecessary to strike Respondent's response. Petitioner's motion shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.   Petitioner's motion to hold his petition for writ of habeas corpus in abeyance (Dkt. #17) is **granted**, and this matter shall be **stayed** pending the OCCA's decision on Petitioner's second application for post-conviction relief in state court.

2.   Counsel for Petitioner shall provide status reports, to be filed every ninety (90) days after entry of this Order, outlining briefly the progress of the post-conviction proceedings in the state courts.

3.   At such time as the state court post-conviction proceedings have been completed, Petitioner shall notify the Court immediately, and the Court will lift the stay.

4.   Petitioner's motion to modify (Dkt. # 19) the scheduling order is **granted**. The schedule is modified as follows: Petitioner shall file an amended petition within sixty (60) days from the entry of the OCCA's decision on Petitioner's second application for post-conviction relief; Respondent shall file his response to the amended Petition within sixty (60) days from the date of the filing of the amended petition; and

5

Petitioner shall file his reply, if any, within thirty (30) days from the date of the filing of Respondent's response.

5.      Petitioner's motion to strike Respondent's response to Petitioner's petition for writ of habeas corpus (Dkt. # 23) is **denied.**


**DATED** this 16th day of July, 2007.


_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

6